1 K. Tom Kohan (CA BAR NO.: 225420)
2 KOHAN LAW FIRM
3 1925 Century Park East, Suite 1180
  Los Angeles, California 90067
4 Tel: (310) 349-1111
5 Fax: (888) 476-7010
  Email: tom@kohanlawfirm.com
6
7 Attorneys for Plaintiff
  GREATER PACIFIC REALTY CORP.
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11 
12 GREATER PACIFIC REALTY          CASE NO.
   CORP.
13              Plaintiffs,         COMPLAINT FOR:
14     vs.
                                    1) Breach of Contract
15 STATE FARM MUTUAL                2) Bad Faith
16 AUTOMOBILE INSURANCE             3) Breach of the Implied Covenant
   COMPANY; DOES 1 THROUGH             of Good Faith and Fair Dealing
17 10 , INCLUSIVE
                Defendants.         DEMAND FOR JURY TRIAL
18
19
20
21
22
23
24
25
26
27
28                              **COMPLAINT**

{02636365.1}

Plaintiff GREATER PACIFIC REALTY CORP. ("Plaintiff"), through its counsel and for the Complaint against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Defendant") state as follows:

## THE PARTIES

1. At all times herein mentioned, GREATER PACIFIC REALTY CORP. was and has been a California corporation with its principal place business in Los Angeles, California and was insured with State Farm for automobile liability and theft insurance. Plaintiff suffered a loss when its vehicle was stolen ("the loss") in which it substantiated the theft to State Farm.

2. Upon information and belief, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") ("Defendant") is an Illinois corporation engaged in the business of insurance, and was the insurer on Plaintiff's automobile policy on the date of the loss herein.

## JURSIDICTION AND VENUE

3. This court has diversity jurisdiction of this case pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and involves citizens of different states.

4. Plaintiff is a citizen of the State of California with its principal place of business in the County of Los Angeles. Defendant State Farm is a corporation incorporated under the laws of the State of Illinois and has its principal place of business in Bloomington,

Illinois. Because Plaintiff is a citizen of California and State Farm is incorporated and has its principal place of business in Illinois, diversity between the parties to this action is complete and the Court has jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred or will occur in this judicial district.

## FACTUAL BACKGROUND

6. The Policy. Prior to the date of the loss, defendant State Farm issued to plaintiff insured an automobile insurance policy, No. 9800724A3075 (referred to in this Complaint as "the policy). The policy was in effect on August 5, 2020, the date of the loss. The policy provided coverage for theft of Plaintiff's vehicle.

7. On or about August 5, 2020, Plaintiffs vehicle, namely a 2020 Lamborghini Urus ("the Vehicle") was stolen.

8. Shortly after the date of loss, Plaintiff made a claim under the policy with State Farm to recover the value of the Vehicle.

9. The claim has been assigned to State Farm's Special Investigative Unit with adjuster Michelle Brill, among others.

10. Pursuant to the terms of the policy, Plaintiff has cooperated with State Farm by, among other things, providing State Farm with a recorded statement, providing police

report information, the business card of the detective involved in the investigation, providing the lease/purchase agreement for the Vehicle and proof of payment by Plaintiff of installment towards acquiring the Vehicle, and providing documents evidencing the Vehicle Identification Number ("VIN") for the Vehicle, as well documentation regarding where Plaintiff was informed the Vehicle was transported to after it was stolen.

11. State Farm has presented Plaintiff with numerous hurdles in an effort to delay resolution of Plaintiff's claim.  These hurdles include, but are not limited to:

- assigning the claim to the Special Investigation Unit;

- claiming it could not find Plaintiff's policy for weeks;

- claiming it could not verify the VIN;

- unjustifiably demanding additional recorded statements;

- unjustifiably demanding phone records;

- unjustifiably failing to porovide Plaintiff with a complete copy of the policy.

12.   To date, State Farm has refused to settle Plaintiff's claim.  Upon information and belief, Ms. Brill is the claims adjuster that has engaged in bad faith on behalf of State Farm in refusing to settle Plaintiff's claim.

13.   These actions are indicative of a bad faith delay in settling this claim when it has been clear from the outset that Plaintiff's vehicle was stolen.  By committing the acts and omissions stated above, State Farm has breached its fiduciary duty to Plaintiff

3

COMPLAINT

{02636365.1}

# FIRST CAUSE OF ACTION

## Breach of Contract

### (Against All Defendants)

14. Plaintiff incorporates by reference, as though fully set forth herein, the contents of Paragraphs 1 through 13.

15. There is a valid and existing insurance agreement between plaintiff and State Farm.

16 . Plaintiff paid all premiums due under the policy, submitted all proofs of loss required under the policy, and performed all other conditions the policy required him to perform.

17. Defendant State Farm breached the policy by failing to pay Plaintiff's claim.

18. As a result of defendant State Farm's breach of the policy, plaintiff has suffered harm in an amount not less than $250,000 but according to proof at trial. Therefore, plaintiff seeks judgment as prayed for below.

# SECOND CAUSE OF ACTION

## Bad Faith

### (Against All Defendants)

19. Plaintiff incorporates by reference, as though fully set forth herein, the contents of

4

COMPLAINT

{02636365.1}

Paragraphs 1 through 18.

20. In adjusting plaintiff's claim defendant State Farm, through its agent, acted unreasonably in delaying and refusing to settle plaintiff's claim in the following respects:

a. Delay. Even after determining that plaintiff had a right to the insurance proceeds it claimed, defendant State Farm delayed a determination of plaintiff's claim and to pay plaintiff its policy proceeds;

b. Forcing Insured to Seek Legal Redress. By refusing to settle plaintiff's claim, defendant State Farm, knowing that it had no legal justification for doing so, purposefully forced plaintiff to file this Complaint in order to obtain the insurance proceeds to which it is entitled;

c. not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which coverage has become reasonably clear;

d. compelling insureds to institute litigation to recover amounts due under insurance policies by delaying the insureds' claims;

21. These acts constitute violations of section 2695 of the Fair Claims Settlement Practices Regulations.

22. As a result of defendant State Farm's breach of the policy, plaintiff has suffered harm in an amount not less than $250,000 but according to proof at trial. Therefore, plaintiff seeks judgment as prayed for below.

## THIRD CAUSE OF ACTION

## Breach of the Implied Covenant of Good Faith and Fair Dealing

## (Against All Defendants)

23. Plaintiff incorporates by reference, as though fully set forth herein, the contents of Paragraphs 1 through 22.

24. California law implies a covenant of good faith and fair dealing in all contracts, including insurance contracts, between parties entered into in the State of California. This covenant requires that each party not do anything which will deprive the other parties of the benefits of the contract, and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages.

25. State Farm breached the implied covenant of good faith and fair dealing because of their unreasonable conduct in handling the matter and denial of plaintiff's claim.

26. As a result of defendant State Farm's breach of the policy, plaintiff has suffered harm in an amount not less than $250,000 but according to proof at trial. Therefore, plaintiff seeks judgment as prayed for below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For general damages incurred by plaintiff in a sum not less than $250,000 according to

{02636365.1}

proof at trial;

2. For punitive damages in an amount to be determined at trial;

3. Attorney's fees according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2021                KOHAN LAW FIRM

*/s/ K. Tom Kohan*
K. Tom Kohan

Attorneys for Plaintiff
GREATER PACIFIC REALTY CORP.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DATED: March 18, 2021                KOHAN LAW FIRM

*/s/ K. Tom Kohan*
K. Tom Kohan

Attorneys for Plaintiff
GREATER PACIFIC REALTY CORP.